USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JUN 08 2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

- v. -

PEDRO GARCIA PENA,
a/k/a "Nano,"

Defendant.

- - - - - - - - - - - - - - - - - - x

**INDICTMENT**

17 Cr.

17 CRIM 363

**COUNT ONE**

The Grand Jury charges:

1. From in or about March 2017 up to and including in or about April 2017, in the Southern District of New York and elsewhere, PEDRO GARCIA PENA, a/k/a "Nano," the defendant, unlawfully and knowingly did combine, conspire, confederate, and agree with others known and unknown to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and would and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, PENA conspired with others to commit the armed robbery of individuals he believed to be narcotics dealers in Manhattan, New York.

(Title 18, United States Code, Section 1951.)

JUDGE DANIELS

**COUNT TWO**

The Grand Jury further charges:

2. From in or about March 2017 up to and including in or about April 2017, in the Southern District of New York and elsewhere, PEDRO GARCIA PENA, a/k/a "Nano," the defendant, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree with others known and unknown to violate the narcotics laws of the United States.

3. It was a part and an object of the conspiracy that PEDRO GARCIA PENA, a/k/a "Nano," the defendant, and others known and unknown, would and did distribute and possess with the intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

4. The controlled substance that PEDRO GARCIA PENA, a/k/a "Nano," the defendant, conspired to distribute and possess with the intent to distribute was five kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(A).

(Title 21, United States Code, Section 846.)

**COUNT THREE**

The Grand Jury further charges:

5. On or about April 26, 2017, in the Southern District of New York and elsewhere, PEDRO GARCIA PENA, a/k/a "Nano," the

defendant, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the robbery conspiracy charged in Count One of this Indictment, and during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, the narcotics conspiracy charged in Count Two of this Indictment, knowingly did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm.

(Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2.)

FIRST FORFEITURE ALLEGATION

6. As a result of committing the offense alleged in Count One of this Indictment, PEDRO GARCIA PENA, a/k/a "Nano," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

SECOND FORFEITURE ALLEGATION

7. As the result of committing the controlled substance offense charged in Count Two of this Indictment, PEDRO GARCIA PENA,

a/k/a "Nano," the defendant, bshall forfeit to the United States, pursuant to Title 21, United Stats Code, Section 853(a), any and all property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the offense and any and all property used or intended to be used in any manner or part to commit and to facilitate the offense charged in Count Two of this Indictment

Substitute Asset Provision

8. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

FOREPERSON 1-8-17

JOON H. KIM
Acting United States Attorney

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA**

**v.**

**PEDRO GARCIA PENA,**
**a/k/a "Nano,"**

**Defendant.**

**INDICTMENT**

17 Cr.

(18 U.S.C. §§ 1951, 924(c)(1)(A)(i), and 2; 21 U.S.C. § 846.)

JOON H. KIM
Acting United States Attorney

6-8-17

Foreperson