UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

v. 17 CR 363 (GBD)

PEDRO GARCIA PENA,

Defendant.

------------------------------x

New York, N.Y.
June 15, 2017
11:30 a.m.

Before:

HON. GEORGE B. DANIELS,

District Judge

APPEARANCES

JOON H. KIM
Acting United States Attorney for the
Southern District of New York
MATTHEW D. PODOLSKY
Assistant United States Attorney

FEDERAL DEFENDERS OF NEW YORK
Attorneys for Defendant
BY: JULIA GATTO

(Case called)

MR. PODOLSKY: Good morning, your Honor. Matthew Podolsky for the government. With the court's permission, at counsel table is Daniel Kugler, an intern in our office.

THE COURT: Good morning.

MS. GATTO: Good morning, your Honor. Federal Defenders of New York by Julia Gatto for Mr. Garcia Pena.

THE COURT: Let me start with the government.

What's the status from the government's perspective?

MR. PODOLSKY: Yes, your Honor. The defendant was indicted last week on Thursday. The government is preparing to produce discovery.

The discovery consists principally of recordings of conversations that the defendant had with informants working with the government, some search warrants and various other materials. But other than the recordings, the discovery is quite limited. The government would anticipate producing it on a rolling basis over the next week or two.

THE COURT: Does Mr. Pena need to be arraigned at this point?

MR. PODOLSKY: Yes, he does, your Honor.

THE COURT: Ms. Gatto, did you receive a copy of the indictment and have an opportunity to review it with your client?

MS. GATTO: We have, your Honor. I would like to

waive its public reading.

THE COURT: Would you like to enter a plea for your client?

MS. GATTO: Yes, not guilty.

THE COURT: I'll enter a not guilty plea.

Ms. Gatto, how do you want to proceed?

MS. GATTO: I think it makes sense to come back 30 days after discovery is complete. At that point, I will be prepared to tell the court what, if any, motions I intend to file.

THE COURT: What about sometime in early August?

MS. GATTO: That makes sense, your Honor.

THE COURT: Either the 2nd, the 9th, or the 16th?

MS. GATTO: The 9th is the best.

THE COURT: Let's see.

Let's say August 9 at 10:00.

MS. GATTO: Thank you.

THE COURT: We will see where we are at that point.

Anything further by the government?

MR. PODOLSKY: Yes, your Honor.

The government would move to exclude time until August 9 from the speedy trial clock calculations so the parties can exchange discovery and discuss a potential pretrial resolution to this matter.

THE COURT: Any objections?

MS. GATTO: No objection.

THE COURT: I'll exclude the time in the interest of justice between now and August 9 for the production of discovery and any possible disposition discussion. I'll exclude the time to ten o'clock until that day.

I'll see all the parties at ten o'clock on August 9.

MS. GATTO: Thank you, your Honor.

MR. PODOLSKY: Thank you, your Honor.

(Adjourned)