```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   UNITED STATES OF AMERICA,

 4              v.                              17 Cr. 363 (GBD)

 5   PEDRO GARCIA PEÑA,
          a/k/a "Nano,"
 6
                Defendant.
 7                                              Conference
     ------------------------------x
 8
                                                New York, N.Y.
 9                                              November 22, 2019
                                                10:00 a.m.
10

11   Before:

12
                         HON. GEORGE B. DANIELS,
13
                                                District Judge
14
                              APPEARANCES
15
     GEOFFREY S. BERMAN
16        United States Attorney for the
          Southern District of New York
17   BY:  MATTHEW D. PODOLSKY
          Assistant United States Attorney
18
     SULLIVAN & CROMWELL LLP
19        Attorneys for Defendant
     BY:  ALEXANDER J. WILLSCHER
20        ELIZABETH V. YOUNG

21

22   Also Present:  Humberto Garcia, Interpreter (Spanish)

23

24

25
```

1         (Case called)
2         MR. PODOLSKY:  Good morning, your Honor.  Matthew
3    Podolsky for the government.
4         THE COURT:  Good morning, Mr. Podolsky.
5         MR. WILLSCHER:  Good morning, your Honor.  Alexander
6    Willscher and Elizabeth Young, Sullivan & Cromwell, for our
7    client, Pedro Garcia Peña.
8         THE COURT:  Good morning.
9         Let me start with the government.  Mr. Podolsky,
10   what's the status from the government's perspective?
11        MR. PODOLSKY:  Yes, your Honor.
12        We tried to update the Court as best we could, but let
13   me try to be clear.
14        As you know, a plea was taken in this case and there's
15   been an intervening decision by the Supreme Court which
16   essentially undermines or invalidates the basis for that plea
17   because the defendant pled guilty to a 924(c) based on a Hobbs
18   Act conspiracy rather than a substantive or drug count.  We've
19   been trying to reach a new or substitute resolution with
20   defense counsel over the last few months.  I think at this
21   point, not that the door is closed, but we just haven't been
22   able to reach that resolution, so our proposal, and I think
23   it's a joint proposal, would simply be to order or grant the
24   defendant's request to take back his plea, and I think at this
25   point we could schedule a trial so at least the case can move

1     forward.
2             THE COURT:  What are the pending charges that would be
3     tried?
4             MR. PODOLSKY:  Your Honor, the pending charges include
5     a Hobbs Act conspiracy charge, a narcotics conspiracy charge.
6     The 924(c) is still a valid charge because it was based on two
7     predicates.  One was a narcotics conspiracy.
8             We've actually been quite up front with the defense.
9     Following setting a trial date, we will supersede to add what
10    we expect to be an attempt charge, which will both be a charge
11    itself but also a new predicate for the 924(c), so we'll
12    actually be proceeding with very similar charges.  It's really
13    a technical matter, from the government's perspective, that the
14    conspiracy can't serve as a predicate for the 924(c) count
15    because in this case, our view at least, the government's view,
16    is both the narcotics conspiracy and an attempt would be valid
17    predicates and predicates we would expect to prove at trial.
18            THE COURT:  You intend to go forward with trial on the
19    three counts that are already in the indictment and supersede
20    to add a fourth count.
21            MR. PODOLSKY:  That's correct, your Honor.  A fourth
22    count plus we'll be essentially fixing or changing the 924(c)
23    count.  But that's exactly right, your Honor.
24            THE COURT:  Mr. Willscher, how did you want to
25    proceed?  What are we going to ultimately do?

1      MR. WILLSCHER:  Yes, your Honor.

2      I agree with the government that we would at this
3 point today like to withdraw the guilty plea.  It legally is
4 unsound given the Supreme Court decision.

5      The government has been frank with us.  We've been
6 frank with the government that we'd really like to plead guilty
7 to something other than the 924(c) count, given *Davis*, or the
8 Hobbs Act robbery.  That is not something the government is
9 willing to extend, and at this point we're considering with our
10 client the government's alternative theory that *Davis* is
11 irrelevant given that the government can proceed on an
12 attempted Hobbs Act robbery charge.  That, I think, potentially
13 raises different factual issues at trial that we're discussing
14 with our client.

15      I think for purposes of today, it probably would be
16 prudent to set down a trial date sometime in 2020, and then if
17 we're able to resolve it with a new guilty plea, then that will
18 be great.

19      THE COURT:  I think there are probably several things
20 that we need to do.  One is I need to know when the
21 government's going to supersede.  We need to arraign Mr. Peña
22 on the superseding indictment.  We can set a trial date and we
23 might even have a pretrial conference before the trial date.

24      How soon does the government intend to supersede?

25      MR. PODOLSKY:  We haven't set a date for it, your

1   Honor, in part, because the defense is certainly on notice.  It
2   would certainly be well before the trial date, but if it helps
3   the Court's schedule to, we're happy to plan around what would
4   be convenient to the Court.
5            THE COURT:  What month are you talking about trying
6   the case?
7            MR. PODOLSKY:  Well, your Honor, let's put it this
8   way.  Personally I won't be available until the summer due to
9   my other trial commitments, so somebody from our office will be
10  available to try the case at any time.  We're prepared to
11  proceed as soon as the defense and the Court are ready.
12           I know that in talking to Mr. Willscher this morning,
13  he, I believe, was proposing March, which certainly the
14  government will be prepared in March.  It may not be myself,
15  but the government would be prepared to proceed.
16           THE COURT:  Why don't we do this.  Why don't I
17  anticipate that if there's going to be a superseding indictment
18  we could have it within the next 60 days.
19           MR. PODOLSKY:  Absolutely, your Honor.
20           THE COURT:  Let's schedule an arraignment for January
21  22, and let me look at my trial schedule.
22           Approximately how many witnesses would the government
23  have, and how long would it take to present?
24           MR. PODOLSKY:  This is a short trial, your Honor.  I
25  would certainly expect the government's case in chief to be a

week at most but we'd probably aim for it to just be a couple of days.  Number of witnesses, I think it's a little bit too early to say right now, but really just a handful.  It's mostly law enforcement witnesses.

            THE COURT:  We can schedule a trial for March 23.

            MR. PODOLSKY:  Fine for the government.

            THE COURT:  If there's going to be a superseding indictment, we can have the arraignment on January 22?  And then if there's going to be a disposition, we can do a disposition.  Otherwise, we can see whether or not we need a final pretrial conference before the trial date, and if so, we can schedule it between then and March 23.  I'm not going to start moving cases around yet until I know for sure whether we're going to be going to trial, but I'll plan at this point to get a jury panel ready for March 23 if there's no disposition.

            I will allow the defendant to withdraw his previously entered guilty plea, and we'll proceed on the superseding indictment on the 22nd for his arraignment, if not guilty plea, and then we can talk about whether or not there will be any motions before trial, and we can have the pretrial conference before that date.

            Is there anything else we need to discuss?

            MR. PODOLSKY:  Your Honor, we would just move to exclude time from the speedy trial clock from today until March

1   23 to permit the parties to continue negotiations as well as to
2   adequately prepare for trial.
3            THE COURT:  Any objection, Mr. Willscher?
4            MR. WILLSCHER:  No, your Honor.
5            THE COURT:  All right.  Then I'll exclude the time in
6   the interest of justice between now and the trial date that we
7   set to facilitate the superseding indictment, arraignment on
8   that indictment and preparation for trial, if there is going to
9   be a trial, and we'll go to trial on that date.
10           I'll see all the parties on January 22 unless I hear
11  from you before then.  If you work out a disposition and you
12  want to do it before that time, just contact my chambers and
13  I'll bring the parties in.  You can do it even before that
14  date.  All right?
15           MR. PODOLSKY:  Thank you, your Honor.
16           MR. WILLSCHER:  Thank you, your Honor.
17           THE COURT:  All right.  I'll see you in January.
18           MR. PODOLSKY:  Have a good holiday.
19           THE COURT:  You too.
20           (Adjourned)
21
22
23
24
25